IN THE DISTRICT COURT OF ROGERS COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| SAMMI HIGGINS, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | Case No. CJ 2014-290 Judge Sheila Condren |
| TAYLOR SIERRA PHILLIPS, an Individual, THOMAS CALDWELL, an Individual and LAUREN BEAVER, an Individual, and PHILADELPHIA INDEMNITY INSURANCE COMPANY, A Foreign Insurance Company | ) ) ) ) ) ) ) ) | *Attorney's Lien Claimed* FILED IN THE DISTRICT COURT ROGERS COUNTY OKLAHOMA JUN 23 2016 |
| Defendants | ) | KIM HENRY, COURT CLERK |

## AMENDED PETITION

COMES NOW, Plaintiff, SAMMI HIGGINS, by and through her counsel of record, Jack G. Zurawik of the Zurawik Law Firm, and for her causes of action against defendant, PHILADELPHIA INDEMNITY INSURANCE COMPANY, alleges and states as follows:

18. Plaintiff, SAMMI HIGGINS ("Higgins"), re-alleges, readopts and restates all allegations contained in Plaintiff's original Petition filed on July 10, 2014 in this matter.

19. That PHILADELPHIA INDEMNITY INSURANCE COMPANY ("Philadelphia") is a foreign insurance company doing business in the state of Oklahoma and having an office in Tulsa, Oklahoma on or about May 6, 2013.

20. That at the time of the collision Higgins was working for Home of Hope, Inc. and was in the course and scope of her employment.

21. That due to the collision Plaintiff, Higgins, sustained physical injuries and/or aggravations and emotional injuries and/or aggravations.

1

EXHIBIT 1

22. That as a result of the negligence of Defendants, Phillips, Caldwell and/or Beaver, Plaintiff, Higgins, has been injured severely and suffered damages, including:

    a. Physical pain and suffering, past, present and future;

    b. Mental pain and suffering, past, present and future;

    c. Permanent injuries of a severe nature;

    d. Physical Impairment;

    e. Disfigurement;

    f. Loss of Earnings;

    g. Diminished Earning Capacity;

    h. Scarring;

    i. Medical costs for care, treatment and service past, present and future.

    j. And any other damages this Court deems just and proper, based upon the evidence.

23. That on May 6, 2013, Defendant, Philadelphia, had a motor vehicle insurance policy in effect insuring Home of Hope, Inc. and their vehicles, which, provided uninsured and/or underinsured motorist coverage.

24. That at the time of the collision, Higgins was an insured under the motor vehicle insurance policy between Philadelphia and Home of Hope, Inc.

25. That Higgins is entitled to benefits under the motor vehicle policy between Defendant, Philadelphia and Home of Hope, Inc.

26. That the policy number of the motor vehicle policy covering this collision provided by Defendant, Philadelphia, is PHPK84153.

27. That policy PHPK84153 provides $1,000,000.00 uninsured/underinsured coverage.

28. That at the time of the collision, Defendants, Taylor Phillips ("Phillips"), was an underinsured motorist under the terms of the relevant coverages and statutes involved.

29. That liability of the underinsured motorist policy for both actual and punitive damages to the Plaintiff, Higgins, reasonably clear under the facts and law of the case.

30. That Defendant, Philadelphia, owed Plaintiff, Higgins a duty of good faith and fair dealing as a result of this collision.

31. That Plaintiff, Higgins, made a timely claim to Defendant, Philadelphia, under the uninsured/underinsured motorist coverages.

32. That Higgins' claim clearly exceeds policy limits available for the negligent actions and/or inactions of Defendants, Phillips, Caldwell, and/or Beaver.

33. That Defendant, Philadelphia, has refused to make any offer of settlement.

34. That Defendant, Philadelphia, through the actions and/or inactions of its agents and/or employees has unreasonably failed to deal fairly with its insured, Higgins, and has breached its duty to deal in good faith in one or more of the following particulars:

   a) Philadelphia has failed to properly and fully investigate the facts of the claim;

   b) Philadelphia has failed to follow its instructional and procedural manuals regarding investigation and evaluation of claims;

   c) Philadelphia has failed to properly and fully investigate and evaluate the law as it relates to the facts of this claim;

d) Philadelphia has compelled its insured to institute litigation to recover amounts due under coverages of insurance where it is reasonably clear that additional amounts due under the coverages should have been paid by Philadelphia;

e) Philadelphia has failed to develop proper claims handling procedures and/or utilize those procedures in this claim;

f) Philadelphia has failed to properly train the claims representatives involved in this claim;

g) Philadelphia has attempted to manufacture and/or create issues and/or defenses to compromise the duty to pay the claim;

h) Philadelphia has failed to negotiate or make an offer to settle Higgins' claim;

all of which are the direct causes damage to Plaintiff, Higgins.

35. That as a direct cause of Philadelphia's actions and/or inactions and conduct, Plaintiff, Higgins, has suffered delay and loss of coverage benefits to which she is entitled.

36. That as a further direct consequence of Philadelphia's actions and/or inactions and conduct, plaintiff, Higgins has suffered consequential damages.

37. Further, the actions and/or inactions and conduct of Philadelphia is oppressive, malicious, grossly negligent, willful, wanton, and with utter and reckless disregard for the contractual and legal rights of Plaintiff, Higgins, entitling Higgins to punitive damages.

WHEREFORE, Plaintiff, Higgins, prays for judgment against, Defendant, Philadelphia, in excess of $75,000.00, pre-judgment and post-judgment interest; punitive and exemplary damages, a reasonable attorney fee and costs; and for such further and equitable relief as this Court deems just and proper.

ZURAWIK LAW FIRM

By: _____
Jack G. Zurawik, OBA# 11588
Zurawik Law Firm
P.O. Box 35346
Tulsa, Oklahoma 74153-0346
Voice: (918) 664-1113
Facsimile: (918) 622-2752
jack@jgzlaw.com
Attorney Lien Claimed