UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMMI HIGGINS, )<br>)<br>      **Plaintiff,** )<br>)<br>v. )<br>)<br>PHILADELPHIA INDEMNITY )<br>INSURANCE COMPANY, )<br>)<br>)<br>      **Defendant.** ) | Case No. 16-CV-0564-CVE-TLW |

**OPINION AND ORDER**

Now before the Court is plaintiff's Motion to Remand Case to State Court and Brief in Support (Dkt. # 21). Plaintiff asks the Court to remand this suit to the District Court of Rogers County, Oklahoma, arguing that defendant's removal to this Court is not timely under 18 U.S.C. § 1446(c)(1). Dkt. # 21. Plaintiff also moves for "just costs and any actual expenses, including attorney fees, incurred as a result of removal" under 28 U.S.C. § 1447(c). Id. at 4. Defendant responds, asking the Court to recognize an equitable exception to the one-year limitation period. Dkt. # 23.

This case arises out of an on-the-job automobile collision that occurred in May 2013. Dkt. # 3-3, at 1. Plaintiff was a passenger in a vehicle that was rear-ended. Id. Plaintiff filed this suit for negligence and negligent entrustment in the District Court of Rogers County, Oklahoma on July 10, 2014 against the driver of the vehicle that rear-ended plaintiff's vehicle, the driver's father, and the father's girlfriend. Id.; Dkt. # 23, at 1. At the time of the collision, plaintiff's employer had been issued an underinsured motorist policy by defendant. Dkt. # 3-1, at 2. On June 23, 2016, plaintiff amended her petition to add defendant as a party, alleging that defendant breached its duty to deal

in good faith in dealing with plaintiff's claim from the collision. Id. On July 29, 2016, plaintiff dismissed with prejudice her claims against the original defendants. Dkt. # 3-50. On August 30, 2016, defendant removed the suit to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff moves to remand this suit to state court, arguing that under 28 U.S.C. § 1446(c), a case may not be removed on the basis of diversity jurisdiction more than one year after the commencement of the action. Dkt. # 21, at 3. Defendant argues that the suit is removable because equitable tolling should be applied in this case. Dkt. # 23, at 2.

Federal courts have original jurisdiction over civil actions in which the matter in controversy exceeds $75,000 and the parties have complete diversity of citizenship. 28 U.S.C. § 1332(a)(1). Historically, a case could be removed to federal court at any time if diversity jurisdiction arose. Aguayo v. AMCO Ins. Co., 59 F. Supp. 3d 1225, 1269 (D.N.M. 2014). However, in 1988 Congress added a one-year limit to removal based on diversity jurisdiction "as a means of reducing the opportunity for removal after substantial progress has been made in state court." H.R. Rep. No. 100-889 at 72 (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032 (subsequently presented to the Senate, 134 Cong. Rec. S16308-09 (daily ed. Oct. 14, 1988)); see also Caudill v. Ford Motor Co., 271 F. Supp. 2d 1324, 1326 (N.D. Okla. 2003). After Congress added the one-year limitation, courts of appeals split on whether a plaintiff could waive the limitation and elect to stay in federal court. Aguayo, 59 F. Supp. 3d at 1269. Most notably, the Fifth Circuit held that "an equitable exception in the form of waiver" could arise if the plaintiff intentionally manipulated the proceedings to bar removal under the one-year limitation. See Tedford v. Warner-Lambert Co., 327 F.3d 423, 426-27 (5th Cir. 2003). In 2011, Congress amended the one-year limitation to include "a limited exception, authorizing district courts to permit removal after the 1-year period if the district court finds that the

plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Report to the Committee on the Judiciary of the United States House of Representatives § 103, at 15, H.R. 112-10 (2011). The current statute, as amended, states:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(c).

This action was commenced over two years before defendant removed it. See Dkt. ## 3-3, at 1; 3, at 5. Defendant's time to remove has long run out, and defendant does not allege plaintiff acted in bad faith to prevent removal, see Dkt. # 23, at 3. Defendant argues that the equitable exception recognized in Tedford applies here. Id. However, Tedford is not binding on this Court, and even if it were, the equitable exception Tedford recognized is now codified in § 1446(c) as the bad faith exception, see Aguayo, 50 F. Supp. 3d at 1271 (describing the legislative history regarding the bad faith exception as a clear attempt to codify the Tedford doctrine), which defendant does not assert applies in this case. In support of its argument, defendant cites to one district court opinion that found the Fifth Circuit's equitable exception does not necessarily require bad faith. See Dkt. # 23, at 3 (citing Dufrene v. Petrco Animal Supplies Stores, Inc., 934 F. Supp. 2d 864, 870 (M.D. La. 2012)). Defendant's argument is not persuasive. Federal removal jurisdiction is statutory in nature and is to be strictly construed. See Shamrock Oil & Gas v. Sheets, 313 U.S. 100, 108-09 (1941). "There is a presumption against removal jurisdiction," and doubtful cases must be resolved in favor of remand. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.1995); see also Fajen v. Foundation Reserv. Ins. Co., Inc., 683 F.2d 331 (10th Cir. 1982). Congress has created the one-year limitation

and the bad faith exception. The Court declines to circumvent the plain language of the statute to create an additional exception that will increase its own jurisdiction.

Plaintiff has requested attorney fees, costs, and expenses as a result of the removal. Dkt. # 21, at 4. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The standard for awarding fees under 28 U.S.C. § 1447(c) turns on the "reasonableness" of a defendant's decision to file a notice of removal, and, when a defendant has an objectively reasonable basis to seek removal, attorney fees should not be awarded. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). While ultimately unsuccessful, defendant had a reasonable basis to remove; it simply filed an untimely notice. Thus, the Court finds that an award of fees in this case would not be appropriate.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Remand Case to State Court and Brief in Support (Dkt. # 21) is **granted in part and denied in part**: it is granted as to plaintiff's motion to remand; it is denied as to plaintiff's request for costs and attorney fees.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to **remand** this action to the District Court of Rogers County.

**DATED** this 27th day of October, 2016.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE